UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRAD McKINNEY,<br><br>        Petitioner,<br><br>    vs.<br><br>WARDEN O'DONNELL,<br><br>        Respondent. | 4:24-CV-04131-ECS<br><br><br>REPORT & RECOMMENDATION |

## INTRODUCTION

This matter is before the court on federal prisoner Brad McKinney's habeas petition pursuant to 28 U.S.C. § 2241. See Docket No. 1. Mr. McKinney represents himself. Upon filing a petition for a writ of habeas corpus pursuant to § 2241, this court must enter an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the petitioner is not entitled to relief. 28 U.S.C. § 2243.

## DISCUSSION

An inmate bringing a claim under § 2241 must first exhaust his administrative remedies. United States v. Thompson, 297 Fed. Appx. 561, 562 (8th 2008). Exhaustion under § 2241 is not, however, a jurisdictional

prerequisite.  Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).

The exhaustion requirement may be waived when pursuit of administrative remedies would be futile.  Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).  When the denial of the inmate's request for relief was based on an official agency policy, exhaustion has been held to be futile.  Ward, 678 F.3d at 1045-46; Taylor v. United States Treas. Dept., 127 F.3d 470, 477 (5th Cir. 1997).  Where an inmate alleges the BOP's regulations themselves are unconstitutional, exhaustion of administrative remedies is excused.  Totaro v. Warden Fort Dix FCI, 742 Fed. Appx. 596, 598 (3d Cir. 2018); Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012); Woodall, 432 F.3d at 239 n.2.

Here, Mr. McKinney admits he has made no efforts to exhaust his administrative remedies within the Bureau of Prisons (BOP).  See Docket No. 4.  He asserts that he need not present his claims administratively because deciding his case  will require "judicial interpretation rather than jurisdictional constraints."  Id. at p. 1.  Mr. McKinney also says he need not exhaust administrative remedies when there is evidence of bias or a predetermined outcome by the administrative body."  Id.  Mr. McKinney makes no showing and provides no facts to support the assertion that the BOP is biased or that there is a predetermined outcome by the BOP.

2

In support of his "judicial interpretation/jurisdictional constraint" assertion, Mr. McKinney cites Lueth, cited above.  But that case only stated the obvious, which is reiterated above:  the administrative exhaustion requirement is not a jurisdictional prerequisite.  Lueth, 498 F.3d at 797 n.3.

Mr. McKinney states in his petition that the BOP has wrongly determined the date when he should be transferred to a Residential Reentry Center (RRC) or home confinement.  See Docket No. 1 at p. 6.  He seeks an order from the court instructing the BOP to immediately release Mr. McKinney to prerelease custody pursuant to 18 U.S.C. § 3624(c)(2).  Id. at p. 7.

Section 3624 addresses release of federal prisoners; subsection (c)(1), (2), and (4) address prerelease custody and state as follows:

> (1)     **In general**—The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.
>
> (2)     **Home confinement authority**—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.  The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.
>
> * * *
>
> (4)     **No limitations**—Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

3

See 18 U.S.C. § 3624(c)(1), (2) & (4).  Section 3621, referenced in subpart (c)(4) of § 3624 deals with imprisonment of convicted persons.  See 18 U.S.C. § 3621.

Mr. McKinney asserts that the use of the word "shall" in § 3624(c)(2) mandates that the BOP release him immediately.  Mr. McKinney's argument ignores the qualifying clause following the use of the word "shall" in the statute:  "to the extent practicable."  Furthermore, in describing the BOP's authority, subsection (c)(2) says the BOP "may" release a prisoner early to home confinement.  Both the qualifying clause following "shall" and the use of the word "may" connotes discretion granted to the BOP, not a mandatory instruction to the agency.

Furthermore, the sentence containing the word "shall, to the extent practicable," applies only to prisoners "with lower risk levels and lower needs." Mr. McKinney makes a passing reference to "the lower risk level and lower needs of the petitioner," (Docket No. 1-1) but makes no showing that he actually is a prisoner "with lower risk levels and lower needs" to which the sentence containing the word "shall" would automatically apply.  Thus, Mr. McKinney's claim to habeas relief presents factual issues, not a purely legal issue.

In his initial filings with the court, Mr. McKinney cites two cases as authority for his assertion that he need not exhaust his administrative remedies.  In Woodley v. Warden, USP Leavenworth, Case No. 24-3053-JWL, 2024 WL 2260904 at *1 (D. Kan. May 15, 2024), the court excused the petitioner's failure to exhaust his remedies within the BOP on grounds of

4

futility because the petitioner's prison was on lockdown and the necessary forms to file an administrative grievance were not available.

Mr. McKinney is confined at the Federal Prison Camp at Yankton, South Dakota. That facility is not on lockdown, Mr. McKinney has not asserted that it is, and Mr. McKinney has made no showing that the forms to file a grievance are unavailable. The court finds the Woodley decision excusing administrative exhaustion in that case inapposite to Mr. McKinney's circumstances.

Mr. McKinney also cites Woodley for the proposition that his petition presents a pure question of law. The court disagrees. In Woodley, the respondent *conceded* that the petitioner in that case was currently eligible for placement in prerelease custody under 18 U.S.C. § 3624(g)(1).[1] Id. at *3. Mr. McKinney never asserts that he meets the eligibility requirements of § 3624(g)(1) or that respondents have acknowledged this fact. See Docket Nos. 1, 1-1, & 4. Because respondent agreed that Woodley met the requirements of an "eligible prisoner," the Kansas court held that 18 U.S.C. § 3632(d)(4)(C)—which does use the word "shall" in unqualified fashion—required Woodley's release as a matter of law. Woodley, 2024 WL 2260904 at *3.

Mr. McKinney's petition does not present a pure question of law because he has not shown he is an "eligible prisoner" to which § 3632(d)(4)(C) with its

---

[1] Section 3624(g)(1) defines "eligible prisoners" as those prisoners who have "earned time credits under the risk and needs assessment system developed under subchapter D . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." Mr. McKinney's petition makes no mention of how many time credits he has earned and whether those credits equal the remainder of his imposed term of imprisonment. See Docket No. 1.

5

use of the word "shall" applies.  Mr. McKinney himself states he was sentenced to a 120-month sentence (10 years) on November 5, 2018.  Docket No. 1 at p. 1; Docket No. 1-1.  His current release date is listed as July 14, 2026.  See https://www.bop.gov/inmateloc/, last accessed July 26, 2024.   His flat-time sentence expiration would be in 2028.

The other case relied upon by Mr. McKinney is Ramirez v. Phillips, No. 2:23-cv-02911-KJM-JDP, 2023 WL 8878993 (E.D. Cal. Dec. 22, 2023).  See Docket No. 1-1.  This case is also distinguishable because the petitioner was acknowledged by the BOP to be eligible for prerelease, the BOP actually released the petitioner, and then later the BOP told the petitioner he had to go back into custody because some of his First Step Act credits previously awarded had been canceled.  Id. at *1.  Mr. McKinney's case bears no resemblance to the facts in Ramirez.

The Eighth Circuit has routinely required federal prisoners to exhaust their administrative remedies with the BOP before filing a § 2241 petition where their argument for release depends upon the question of whether they are entitled to certain credits against their sentence.  See Thompson, 297 Fed. Appx. 561; United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (*per curiam*); United States v. Iversen, 90 F.3d 1340, 1344-45 (8th Cir. 1996); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) (all refusing to entertain § 2241 petition where administrative remedies were not exhausted and petitioner's claim to relief depended upon an assertion that certain credits should be applied against his sentence).  In his supplement to his petition,

Mr. McKinney makes explicit the fact that his claim that he should be released depends upon the argument that he has earned certain credits which, if the BOP applied them as Mr. McKinney thinks it should, would require his release. See Docket No. 4.  Under the above authorities, then, the court concludes Mr. McKinney should be required to first present his claim administratively to the BOP.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that Brad McKinney's § 2241 habeas petition should be dismissed *without* prejudice so that he can present his claim administratively to the BOP and exhaust his remedies with that agency first before presenting his claim in this court.

## NOTICE OF RIGHT TO APPEAL

Cordell McKinney is hereby notified he has fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District

Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 26th day of July, 2024.

                                     BY THE COURT:

                                     */s/ Veronica L. Duffy*

                                     VERONICA L. DUFFY

                                     United States Magistrate Judge